UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| CECIL GEORGE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:09-CV-194 |
| ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment [Doc. 9] and Defendant's Motion for Summary Judgment [Doc. 12]. Plaintiff Cecil George, Jr. ("Plaintiff"), seeks judicial review of the decision of Administrative Law Judge ("ALJ") K. Dickson Grissom denying him benefits, which was the final decision of Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On July 11, 2005, Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On both applications, Plaintiff alleged a period of disability which began on July 5, 2005. [Tr. 11]. After his applications were denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On November 21, 2007, an initial hearing was held before ALJ K. Dickson Grissom to review the determination of Plaintiff's claim. [Tr. 400-21]. ALJ Grissom decided that additional medical evidence in the form of a consultative evaluation

report was necessary for proper disposition of the claim. [Tr. 11]. The hearing was continued, and Plaintiff underwent a consultative evaluation. [Tr. 11]. On May 13, 2008, a second hearing was held before ALJ Grissom. [Tr. 422-35]. On May 30, 2008, the ALJ found that Plaintiff was not under a disability from July 5, 2005, through the date of the decision. [Tr. 11-19]. On March 16, 2009, the Appeals Council denied Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. [Tr. 3-5]. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## I.  ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.

2. The claimant has not engaged in substantial gainful activity since July 5, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: cardiomyopathies and hypertension (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526. 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 4040.1567(b) and 416.967(b), with no more than occasional climbing/stooping and/or bending. Claimant would also be precluded from working in extreme temperature as well as with unprotected heights and hazards. He could do occasional overhead reaching with his right upper extremity.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 12, 1961, and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See <u>Social Security Rulings</u> 82-41 and CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 5, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 13-19].

## II. DISABILITY ELIGIBILITY

An individual is eligible for DIB payments if he is insured for DIB, has not attained retirement age, has filed an application for DIB, and is under a disability. 42 U.S.C. § 423(a)(1). An individual is eligible for SSI payments if he has financial need and he is aged, blind, or under a disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Whether a DIB or SSI claimant is under a disability is evaluated by the Commissioner pursuant to a sequential five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant bears the burden of proof at the first four steps.  Id.  The burden of proof shifts to the Commissioner at step five.  Id.  At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform.  Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

4

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007); Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated

by the regulations and rulings[1] promulgated by the Commissioner.  See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) ("Although substantial evidence otherwise supports the decision of the Commissioner in this case, reversal is required because the agency failed to follow its own procedural regulation, and the regulation was intended to protect applicants like [plaintiff]."); id. at 546 ("The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action...found to be...without observance of procedure required by law.'") (quoting 5 U.S.C. § 706(2)(d) (2001)); see also Rogers, 486 F.3d at 243 (holding that an ALJ's failure to follow a regulatory procedural requirement actually "denotes a lack of substantial evidence, even when the conclusion of the ALJ may be justified based upon the record").  "It is an elemental principal of administrative law that agencies are bound to follow their own regulations," Wilson, 378 F.3d at 545, and the Court therefore "cannot excuse the denial of a mandatory procedural protection...simply because there is sufficient evidence in the record" to support the Commissioner's ultimate disability determination,  id. at 546.  The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and "will not result in reversible error *absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses*."  Wilson, 378 F.3d at 546-47 (emphasis added) (quoting Connor v. United States Civil Service Comm'n, 721 F.2d

---

[1] See Blakley, 581 F.3d at 406 n.1 ("Although Social Security Rulings do not have the same force and effect as statutes or regulations, '[t]hey are binding on all components of the Social Security Administration' and 'represent precedent final opinions and orders and statements of policy' upon which we rely in adjudicating cases.") (quoting 20 C.F.R. § 402.35(b)).

1054, 1056 (6th Cir. 1983)). Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547 (holding that an ALJ's violation of the rules for evaluating the opinion of a treating medical source outlined in 20 C.F.R. § 404.1527(d) was a deprivation of an "important procedural safeguard" and therefore not a harmless error). If a procedural error is not harmless, then it warrants reversing and remanding the Commissioner's disability determination. Blakley, 581 F.3d at 409 (stating that a procedural error, notwithstanding the existence of substantial evidence to support the ALJ's ultimate decision, requires that a reviewing court "reverse and remand unless the error is a harmless *de minimis* procedural violation").

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**IV. ANALYSIS**

Plaintiff raises just one argument on appeal: he contends that the ALJ's determination of his physical residual functional capacity ("RFC") was not supported by substantial evidence. [Doc. 10 at 7]. Plaintiff argues that the ALJ erred when determining his physical RFC by failing to properly consider the medical opinions provided by Dr. Nathaniel D. Robinson, M.D., on October 27, 2005, [Tr. 337-44], and Dr. Jeffrey Uzzle, M.D., on February 26, 2008, [Tr. 160-73]. [Doc. 10 at 7-9]. Plaintiff asserts that Dr. Robinson and Dr. Uzzle both noted the existence of physical limitations that were not incorporated into the ALJ's RFC finding. Plaintiff argues that the ALJ erred when considering the opinions of Dr. Robinson and Dr. Uzzle because he neither "include[d] the aforementioned limitations in his RFC determination" nor "explain[ed] his apparent rejection of

7

these limitations as required." [Doc. 10 at 8]. Plaintiff argues that this error caused the ALJ to make a physical RFC determination that was incorrect and unsupported by the record. Plaintiff concludes that the ALJ's finding that he has the physical RFC to "perform the full range of light work as defined in 20 CFR 4040.1567(b) and 416.967(b), with no more than occasional climbing/stooping and/or bending," [Tr. 14], was not supported by substantial evidence.

In response, the Commissioner contends that the ALJ considered the entire record, and that substantial evidence supported his determination of Plaintiff's physical RFC. [Doc. 13 at 16-17]. The Commissioner argues that the ALJ properly considered the opinions of Dr. Robinson and Dr. Uzzle, and he points out that the ALJ expressly accorded each opinion "significant weight" in the RFC determination process. [Doc. 13 at 14] (quoting [Tr. 17]). Further, the Commissioner argues that the ALJ properly incorporated all of the relevant physical limitations found by Dr. Robinson and Dr. Uzzle into his statement of Plaintiff's RFC. [Doc. 13 at 17] ("ALJ Grissom's RFC finding incorporated certain of the subject limitations by definition; the other omitted restrictions were immaterial to the jobs Plaintiff could perform."); [Doc. 13 at 18] ("Although ALJ Grissom did not specifically enumerate in his RFC finding [every] limitation[] found by Dr. Uzzle, his conclusion that Plaintiff could perform light work was fully consistent with those aspects of Dr. Uzzle's opinion."). The Commissioner also argues that any specific limitations found by Dr. Robinson and Dr. Uzzle that were not expressly included in the ALJ's statement of Plaintiff's RFC were "immaterial" because Plaintiff is unlikely to exceed those limitations "while performing the jobs that ALJ Grissom found he could do." [Doc. 13 at 18].

For the following reasons, the Court agrees with the Commissioner and finds that the ALJ's RFC determination was supported by substantial evidence.

**A.   The ALJ properly incorporated Dr. Robinson's opinion into his statement of Plaintiff's RFC.**

State disability determination services ("DDS") physician Dr. Nathaniel D. Robinson, M.D., provided a consultative Physical RFC Assessment [Tr. 337-44] of Plaintiff on October 27, 2005. Dr. Robinson opined that Plaintiff could perform the following activities: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for a total of about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; push and/or pull without limitation; climb ramps, stairs, ladders, ropes, and scaffolds occasionally; and balance, stoop, kneel, crouch, and crawl occasionally. [Tr. 338-39]. Dr. Robinson opined that Plaintiff had no manipulative, visual, or communicative physical limitations. [Tr. 340-41]. He also noted that Plaintiff's physical condition necessitated some limitations on his workplace environment. [Tr. 341].

The ALJ expressly discussed Dr. Robinson's opinion in his narrative decision as follows:

> Nathaniel D. Robinson, a state agency medical consultant, submitted a physical RFC dated October 27, 2005. It was opined claimant's congestive heart failure **should be controlled with compliance to treatment** and that the medical evidence indicated a severe impairment short of the listings. The consultant opined claimant was capable of light work with occasional climbing; balancing; stooping; kneeling crouching and crawling. It was further opined claimant should avoid concentrated exposure to extreme cold/heat and hazards all due to cardiomyopathy.
>
> The undersigned gives significant weight [to] the medical opinion[] from the state agency medical consultant...

[Tr. 17] (emphasis original).

It is clear that the ALJ considered Dr. Robinson's Assessment and intended to give it great weight. It is also clear that the ALJ intended to incorporate Dr. Robinson's opinion into his statement of Plaintiff's RFC:

> [T]he undersigned finds that the claimant has the residual functional

9

> capacity to perform the full range of light work as defined in 20 CFR 4040.1567(b) and 416.967(b), with no more than occasional climbing/stooping and/or bending. Claimant would also be precluded from working in extreme temperature as well as with unprotected heights and hazards. He could do occasional overhead reaching with his right upper extremity.

[Tr. 14].

Plaintiff argues that the ALJ erred by failing to expressly include Dr. Robinson's finding that he could "only occasionally balance, kneel, and/or crawl." [Doc. 10 at 8]. Plaintiff asserts that the ALJ was required to either adopt all of Dr. Robinson's findings or explain why he adopted some findings but did not adopt others. [Doc. 10 at 8].

The Court rejects Plaintiff's argument. There is no need to engage in semantics to understand that the ALJ meant to incorporate Dr. Robinson's opinion into his RFC finding. Though the ALJ did not expressly state that Plaintiff is limited to "no more than occasional balancing, kneeling, and crawling," it was unnecessary for him to do so. It is reasonable to assume that a person who can only occasionally climb, stoop, and bend can also "only occasionally balance, kneel, and/or crawl," [Doc. 10 at 8]. Further, Plaintiff has not shown that the inclusion of an express limitation on his ability to balance, kneel, and crawl in the ALJ's statement of his RFC would have resulted in a different ultimate determination of his claim. The vocational expert in this case testified that, based on the ALJ's statement of Plaintiff's RFC, Plaintiff could work as a textile folder, parking lot attendant, or marker in the retail trade. [Tr. 19]. There is no reason to think that the vocational expert would have testified differently if the ALJ had informed him that Plaintiff could only balance, kneel, and crawl occasionally.

The Court concludes that the ALJ properly considered Dr. Robinson's Assessment when making his determination of Plaintiff's RFC.

B.  **The ALJ properly incorporated Dr. Uzzle's opinion into his statement of Plaintiff's RFC.**

    State DDS physician Dr. Jeffrey Uzzle, M.D., examined Plaintiff on February 26, 2008, and provided an examination report [Tr. 160-67] and an accompanying Statement of Ability to Do Work-Related Activities [Tr. 168-73]. Dr. Uzzle opined that Plaintiff could perform the following activities: lift 10 pounds frequently and 20 pounds occasionally; carry 10 pounds frequently and 20 pounds occasionally; sit, stand, and walk for a total of about 4 hours in an 8-hour workday; reach overhead occasionally with his right hand; handle, finger, and feel occasionally with his left hand; climb stairs and ramps frequently; climb ladder and scaffolds occasionally; and balance, stoop, kneel, crouch, and crawl frequently. [Tr. 168-73]. Dr. Uzzle did not evaluate whether Plaintiff's impairments caused auditory or visual limitations. [Tr. 171]. Dr. Uzzle did note that Plaintiff's physical condition necessitated some limitations on his workplace environment. [Tr. 172].

    The ALJ expressly discussed Dr. Uzzle's opinion in his narrative decision as follows:

    > Dr. Uzzle provided a medical source statement of ability to do work-related activities (physical), in which it was opined claimant could frequently lift up to 10 pounds and 11 to 20 pounds occasionally, but nothing over 21 pounds. It was opined claimant could carry up to 10 pounds frequently and from 10 to 20 pounds occasionally and nothing over 21 pounds. Claimant could sit, stand, and walk for two hours at one time without interruption and a total of four hours in an eight hour workday. Claimant could reach (overhead) occasionally up to 1/3 of an eight hour workday with his right hand and he could occasionally handle, finger, and fee with his left hand. It was opined claimant could occasionally climb ladders or scaffolds. Claimant could occasionally work at unprotected heights and with vibrations.

[Tr. 16].

    It is clear that the ALJ considered Dr. Uzzle's opinion–he even expressly stated that he gave Dr. Uzzle's opinion "significant weight." [Tr. 17]. It is also clear that the ALJ intended to

incorporate Dr. Uzzle's opinion into his statement of Plaintiff's RFC:

> [T]he undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 4040.1567(b) and 416.967(b), with no more than occasional climbing/stooping and/or bending. Claimant would also be precluded from working in extreme temperature as well as with unprotected heights and hazards. He could do occasional overhead reaching with his right upper extremity.

[Tr. 14].

Plaintiff argues that the ALJ erred by failing to expressly include all of Dr. Uzzle's findings in his RFC conclusion. [Doc. 10 at 9]. Plaintiff asserts that the ALJ was required to either adopt all of Dr. Uzzle's findings or explain why he adopted some findings but did not adopt others. [Doc. 10 at 9].

The Court rejects Plaintiff's argument. Again, there is no need to engage in semantics to understand that the ALJ meant to incorporate Dr. Uzzle's opinion into his RFC finding. Though the ALJ did not expressly mention every exertional, manipulative, and environmental limitation found by Dr. Uzzle in his statement of Plaintiff's RFC, it was unnecessary for him to do so. As noted by the Commissioner, "AL[J] Grissom's express finding that Plaintiff could perform only 'light work' *by definition* incorporates these very limitations." [Doc. 13 at 17] (emphasis original). "Light work" involves lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). A job may be also considered to require "light work" even if it requires very little or no lifting and carrying. Id. For example, jobs that require a good deal of walking or standing and jobs that require sitting most of the time with some pushing and pulling of arm or leg controls are considered to require "light work." Id. Accordingly, the Court finds that the ALJ's statement of Plaintiff's RFC is not inconsistent with Dr. Uzzle's opinion.

Plaintiff correctly points out that Dr. Uzzle's finding that he can only occasionally handle,

finger, and feel with his left hand was neither expressly included in the ALJ's RFC conclusion nor implicit in the meaning of "light work." [Doc. 10 at 9]. But the ALJ's omission of Dr. Uzzle's finding cannot be characterized as an error that warrants remand.

When determining a claimant's physical RFC, an ALJ is required to evaluate every medical opinion in the record, regardless of its source. 20 C.F.R. § 404.1527(d). A "medical opinion" is defined as a statement from a physician, psychologist, or "other acceptable medical source" that reflects "judgments about the nature and severity of [a claimant's] impairment(s)." 20 C.F.R. § 404.1527(a)(2). A medical source is considered a *treating* medical source if he has provided medical treatment or evaluation, and he has had an ongoing treatment relationship with the claimant "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation [that is] typical for the [treated condition(s)]." Blakley, 581 F.3d at 407 (quoting 20 C.F.R. § 404.1502).

An ALJ "must" give a medical opinion provided by a *treating* source controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and it is "not inconsistent with the other substantial evidence in the case record." Wilson, 378 F.3d at 544; see 20 C.F.R. § 404.1527(d)(2). If an ALJ decides not to give controlling weight to the medical opinion of a treating source, he is required to explain why in his narrative decision. 20 C.F.R. § 404.1527(d)(2); Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987) (stating that while an ALJ is not bound by the opinions of a plaintiff's treating physicians, he is required to set forth some basis for rejecting these opinions). The ALJ is also required to provide in his narrative "good reasons" justifying the weight that he actually gave to a treating source's non-controlling opinion when reaching his decision. 20 C.F.R. § 404.1527(d)(2); Blakley, 581 F.3d at 401 (remanding a claim to the Commissioner "because the ALJ failed to give good reasons for discounting the opinions of [the

claimant]'s treating physicians").

As stated above, 20 C.F.R. § 404.1527(a)(2) defines a "medical opinion" as a statement from a physician, psychologist, or "other acceptable medical source" that reflects "judgments about the nature and severity of [a claimant's] impairment(s)." As a physician, Dr. Uzzle was an acceptable medical source, and his opinion deserved consideration by the ALJ. But Dr. Uzzle did not have an "ongoing treatment relationship" with Plaintiff, 20 C.F.R. § 404.1502, and therefore he was not a *treating* source. Thus, Dr. Uzzle's opinion was not entitled to any special deference. While the ALJ was required to consider Dr. Uzzle's opinion, he was not required to adopt every finding in the opinion or to give specific reasons explaining the weight he gave to the opinion.

Further, Dr. Uzzle's opinion was inconsistent with the earlier opinion provided by Dr. Robinson. Dr. Uzzle opined that Plaintiff could only occasionally handle, finger, and feel with his left hand. [Tr. 170]. But Dr. Robinson opined that Plaintiff had no manipulative limitations. [Tr. 340]. Resolving the conflict between these two opinions was clearly within the purview of the ALJ. The Court reiterates that it is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the Court may have decided the issue differently. Crisp, 790 F.2d at 453 n.4. When evidence is contradictory, as it was in this case, the Court will not "try the case de novo, nor resolve conflicts in the evidence." Walters, 127 F.3d at 528.

The Court finds that the ALJ's omission of Dr. Uzzle's manipulative limitations from the statement of Plaintiff's RFC was both reasonable and supported by substantial evidence. The ALJ's conclusion that Plaintiff had no manipulative limitations was supported by (1) Dr. Robinson's opinion [Tr. 340]; (2) Plaintiff's responses to interrogatories that indicated that he played cards and dominoes, washed dishes, did laundry, and cooked [Tr. 104-05]; and (3) Dr. Uzzle's opinion that

14

despite his left-hand limitations, Plaintiff was capable of sorting, handling, and using paper files [Tr. 173].

Finally, Plaintiff has not shown that the inclusion of an express limitation on his ability to "handle, finger, and feel with his left hand" in the ALJ's statement of his RFC would have resulted in a different ultimate determination of his claim. The vocational expert in this case testified that, based on the ALJ's statement of Plaintiff's RFC, Plaintiff could work as a textile folder, parking lot attendant, or marker in the retail trade. [Tr. 19]. Plaintiff has suggested no reason to think that he is precluded from performing *all* of these jobs simply because he can only occasionally handle, finger, and feel with his left hand. Moreover, the vocational expert specifically testified that Plaintiff would be capable of working as a parking lot attendant, usher, or "cashier two" *even if* he was restricted to performing "only occasional fine manipulation."[2] Thus, even if the Court were to accept that the ALJ erred by not including a specific manipulative limitation in his statement of Plaintiff's RFC, the error was harmless and does not warrant remand. See Wilson, 378 F.3d at 546-

---

[2] The vocational expert testified as follows:

> Q: If you were to assume that that limitation of occasional fine manipulation, we'll limit it to the left hand, how would that change your testimony?
>
> A: There are jobs that can be done one-handed without bilateral dexterity, sir. It is not in the way it's done customarily, but they are jobs that can be done in that manner.
>
> Q: Could you give me some examples of those jobs?
>
> A: I can, sir. That would be the parking lot attendant job that I mentioned. Usher: in Tennessee, 551, and in the U.S.A., 54,524. And cashier two: in Tennessee, 20,219, and in the U.S.A., 908,387.

[Tr. 431].

47 (explaining that an ALJ has not committed "reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights").

The Court concludes that the ALJ properly considered Dr. Uzzle's opinion when determining Plaintiff's RFC.

**V.    CONCLUSION**

For the foregoing reasons, it is hereby **RECOMMENDED**[3] that the Commissioner's Motion for Summary Judgment **[Doc. 12]** be **GRANTED**, and Plaintiff's Motion For Summary Judgment **[Doc. 9]** be **DENIED**.

               Respectfully submitted,

                s/ H. Bruce Guyton
               United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).